```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

VERNON LEFTRIDGE                 :
                                 :
                                 :
v.                               :   CIV. NO. 3:11CV1648 (WWE)
                                 :
KEVIN J. BURNHAM, ELLEN S.       :
NURSE and KEVIN R. JOINER        :
                                 :
```

**RULING ON DEFENDANT JOINER'S MOTION TO COMPEL**

Plaintiff, represented by counsel, brings this civil rights action pursuant to 42 U.S.C. §1983, alleging he was deprived of his Fourth Amendment right to be free from an unreasonable seizure and detention of his personal property and the substantive due process clause of the Fourteenth Amendment to the United States Constitution was violated. Also, he brings state law claims of trespass upon the plaintiff's residence and theft of personal property, which would violate Connecticut common law and Conn. Gen. Stat. §52-564 . [Amend. Compl. Doc. #28]. Defendants are Kevin J. Burnham, Director of the Department of Public Works of the City of Hartford; Ellen S. Nurse, Constable of the City of Hartford; and Kevin R. Joiner, Pump Operator at Station 4, Fire Department of the City of Hartford.

Pending is defendant Joiner's Motion to Compel [Doc. #56] complete compliance with his First and Second Sets of Interrogatories and Requests for Production.

A hearing was held on October 3, 2014.

**Interrogatory Nos. 3, 4, 8 and 9, Request for Production Nos. 3 and 2**

Plaintiff will provide a complete supplemental answer to Interrogatory Nos. 3, 4, 8 and 9 and Request for Production Nos. 3 and 2 by October 15, 2013, in writing and under oath. If there is no further evidence, plaintiff will state this in writing under oath. Failure to provide a complete answer and support for plaintiff's damages by October 15, 2013, will result in an order precluding plaintiff from offering testimony and evidence about damages at trial. Plaintiff's counsel will sit down with her client and designate the property returned to plaintiff, list the missing property, provide transportation costs and fees, and provide support for the value of missing property in support of plaintiff's damages claim. Plaintiff's attorney will counsel her client on the effect of an order of preclusion for failure to provide a complete response and production to defendant's interrogatories and requests for production.

**Interrogatory No. 6 and Request for Production No. 5: Emotional Distress Claim**

During oral argument, plaintiff's counsel withdrew any claim for emotional distress.  Accordingly, plaintiff will be precluded from testifying or offering evidence on the issue of emotional distress.

**CONCLUSION**

Accordingly, Defendants' Motion for to Compel **[Doc. #56]** is **GRANTED**.

Plaintiff will respond fully to defendant's outstanding interrogatories and requests for production by October 15, 2013.

Plaintiff is cautioned that failure to provide complete supplemental responses may result in sanctions, including an order precluding him from offering testimony or other evidence based on information that was not provided by October 15, 2013; or dismissal of the case.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless

reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 8th day of October 2013.

```
           _____/s/_____
           HOLLY B. FITZSIMMONS
           UNITED STATES MAGISTRATE JUDGE
```