```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

VERNON LEFTRIDGE                 :
                                 :
                                 :
v.                               :   CIV. NO. 3:11CV1648 (WWE)
                                 :
KEVIN J. BURNHAM, ELLEN S.       :
NURSE and KEVIN R. JOINER        :
                                 :
```

### RULING ON DEFENDANT JOINER'S MOTION TO DISMISS OR MOTION TO PRECLUDE [DOC. #70].

Plaintiff, represented by counsel, brings this civil rights action pursuant to 42 U.S.C. §1983, alleging he was deprived of his Fourth Amendment right to be free from an unreasonable seizure and detention of his personal property and that the substantive due process clause of the Fourteenth Amendment to the United States Constitution was violated. He also brings state law claims of trespass upon the plaintiff's residence and theft of personal property, which would violate Connecticut common law and Conn. Gen. Stat. §52-564 . [Amend. Compl. Doc. #28]. Defendants are Kevin J. Burnham, Director of the Department of Public Works of the City of Hartford; Ellen S. Nurse, Constable of the City of Hartford; and Kevin R. Joiner, Pump Operator at Station 4, Fire Department of the City of Hartford.

1

Pending is defendant Joiner's Motion to Dismiss or in the Alternative to Preclude plaintiff from introducing evidence of damages due to failure to comply with Court Order [Doc. #70].

On October 8, 2013, plaintiff was ordered to provide complete supplemental answers to Interrogatory Nos. 3, 4, 8 and 9 and Requests for Production Nos. 3 and 2. [Doc. #65]. Plaintiff was cautioned that, "Failure to provide a complete answer and support for plaintiff's damages by October 15, 2013, will result in an order precluding plaintiff from offering testimony and evidence about damages at trial." [Doc. #65 at 2]. It was further ordered that, "Plaintiff's counsel will sit down with her client and designate the property returned to plaintiff, list the missing property, provide transportation costs and fees, and provide support for the value of missing property in support of plaintiff's damages claim. Plaintiff's attorney will counsel her client on the effect of an order of preclusion for failure to provide a complete response and production to defendant's interrogatories and requests for production." Id.

Plaintiff contends that he supplemented his discovery responses on October 11, 2013, "in good faith, completely and to the best of his ability." [Doc. #71 at 1].

2

**CONCLUSION**

Accordingly, Defendant Joiner's Motion to Dismiss is **DENIED** and the Motion to Preclude is **GRANTED. [Doc. #70]**

Plaintiff is precluded from testifying or offering evidence beyond what was provided in his October 11, 2013, Supplementary Responses. This order of preclusion includes documentary support for damages such as proof of purchase, receipts and/or credit card or bank statements.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 29th day of October 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE